

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2004

# Davis v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Davis v. Comm Social Security" (2004). *2004 Decisions.* Paper 600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 03-4029

———

ANNA DAVIS,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cv-05662)
District Judge: Honorable William J. Martini

———

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before: SCIRICA, *Chief Judge*, RENDELL, and ALARCÓN[*], *Circuit Judges*

(Filed:  June 9, 2004)

———

OPINION OF THE COURT

ALARCÓN, Circuit Judge.

     Anna Davis appeals the decision of the district court affirming the decision of the

Commissioner of Social Security ("the Commissioner") to deny Ms. Davis's applications

———

[*]     Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 1381-83f. We have jurisdiction over this timely appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm because we conclude that the district court's decision to deny benefits was supported by substantial evidence.

I

Ms. Davis worked as a packer in a factory from 1983 to 1996, a job that required that she lift boxes weighing up to ten pounds and carry them to nearby conveyor belts. Ms. Davis stopped working in October 1996 after her employer relocated. She began collecting unemployment at that time, and did not seek new work based on the severity of her alleged disabilities.

Ms. Davis filed an application for DIB and SSI benefits on September 28, 1998. She complained of diabetes mellitus, asthma, arthritis, and a learning disability. The Social Security Administration ("SSA") denied her claim. Her request for reconsideration was also denied. Ms. Davis then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ reviewed the denial of Ms. Davis's disability benefits and issued a written decision denying her benefits on March 17, 2000. Ms. Davis's request for a review of the ALJ's decision was denied by the Appeals Council, making it the final decision of the Commissioner. Ms. Davis then filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act in

2

district court on November 17, 2000.  On August 5, 2003, the district court affirmed the Commissioner's decision to deny SSI and DIB benefits to Ms. Davis.

## II

### A.

Ms. Davis first contends that the ALJ failed to support his conclusion that her severe impairments did not meet the criteria of an impairment as listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 with adequate factual findings.  She argues that the ALJ failed to give a sufficient or well-reasoned explanation for his rejection of her medical evidence.  Specifically, she argues that the following language from the ALJ's decision is objectionable in light of this court's mandate that an ALJ provide a comprehensive discussion of the evidence and an explanation of his or her reasoning supporting a determination as to the severity of a claimant's impairments:  "The medical evidence indicates that the claimant's impairments are not severe enough to meet or medically equal on of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  The undersigned [ALJ] gave particular attention to listing 9.00 (Endocrine Impairments) and listing 12.00 (Mental Impairments)."

This court reviews the factual findings of the ALJ to determine whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  This court set forth guidelines in Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981), regarding the level of detail required in an examiner's findings:

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

Id. at 705. Where, as here, an appellate court must evaluate whether substantial evidence supports the ALJ's finding that the applicant's impairment does not meet or equal a listed impairment, this court requires "a discussion of the evidence and an explanation of reasoning supporting a determination that [the claimant's] 'severe' impairment does not meet or is not equivalent to a listed impairment." Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 120 (3d Cir. 2000). "[W]e are unable to conduct our substantial evidence review if the ALJ fails to identify the evidence he or she rejects and the reason for its rejection." Walton v. Halter, 243 F.3d 703, 710 (3d Cir. 2001); see also Cotter, 642 F.2d at 705 (holding that this court requires from "the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored").

In Ms. Davis's case, the ALJ devoted two pages in his decision to analyzing and weighing the medical evidence presented by both parties. The ALJ discussed the medical evidence submitted by three doctors, the reports of Ms. Davis's nurse, and Ms. Davis's testimony as well as that of her sister. The ALJ also noted that Ms. Davis testified that she

4

had custody of her three grandchildren and cared for them, performed routine household chores, including cooking, laundry, and shopping. He stated further that her medical examinations did not reflect impairments as severe as Ms. Davis alleged. "Pulmonary function testing was normal. The EKG was normal. . . . Visual field testing was normal. . . . The claimant had no problems interacting with the examiner, and was cooperative and respectful." The ALJ found that "[t]he medical evidence does not document impairments that are as limiting as the claimant alleged." The ALJ based this determination on his particular consideration of two specific categories of impairments. The level of specificity articulated by the ALJ was a proper application of the law of this circuit. As this court explained in its denial of the petition for rehearing in Cotter, "[t]he opinion [in Cotter] does not . . . place an onerous burden on the ALJ called upon to decide whether a claimant is entitled to social security disability benefits. . . . [T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." Cotter v. Harris, 650 F.2d 481, 482 (3d. Cir. 1981) (denial of petition for rehearing).

## B.

Ms. Davis also contends that the ALJ did not compare each severe impairment to the listing closest to that impairment, compare the combination of impairments, and make a determination with regard to medical equivalence. See 20 C.F.R. § 404.1526(a) (requiring the examiner to consider whether a claimant's "combination of impairments" is

medically equal to any listed impairment).  "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  Sullivan v. Zebley,  493 U.S. 521, 530 (1990).

The ALJ found that Ms. Davis's asthma, arthritis, and diabetes did not rise to the level of severity required under the regulations.  With regard to her asthma, the ALJ based his decision on Ms. Davis's testimony that she was never diagnosed with asthma, never went to the emergency room for asthma, and was able to control her asthma with an inhaler.  This finding is supported by substantial evidence.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (3.03) (defining asthma attacks that constitute a qualifying impairment as occurring at least once every two months or at least six times a year, occurring in spite of prescribed treatment and requiring physician intervention).

The ALJ also found that Ms. Davis's arthritis did not rise to the level of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ's written decision states:

> The medical evidence does not document impairments that are as limiting as the claimant alleged . . . .  She complained of pain in her joints, but also stated that the pain was relieved by non-prescription medication.  On examination, the claimant was able to move her upper extremities in a normal way. There was no weakness in grip with either hand and there was no tenderness in the spine.  She was able to flex her right hip to 80 degrees and her left hip to 90 degrees.  There was no swelling or deformity in the knees.  She was able to flex and extend her right knee to 90 degrees and her left knee to 100

6

degrees.  There was some swelling in the feet but no tenderness, and reflexes and sensation were normal.

The ALJ's conclusion that Ms. Davis's arthritis did not meet a listed impairment was based on substantial evidence.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1.02) (requiring that an impairment due to dysfunction of joints be characterized by "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s)").

With respect to Ms. Davis's diabetes mellitus, the ALJ discussed a doctor's diagnosis that Ms. Davis did not suffer from diabetic retinopathy due to her diabetes and that she was able to control her diabetes with medication.  The ALJ's findings state, "There was no diabetic retinopathy.  Visual acuity, with correction, was 20/30 in the right eye and 40/40 in the left eye.  Near vision was 20/30 with correction.  Visual field testing was normal."  The ALJ's finding that Ms. Davis's diabetes does not rise to the level of the listing is supported by substantial evidence.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2.04) (requiring that impairment due to loss of vision leave the visual efficiency of the better eye after correction at 20 percent or less).

## C.

Ms. Davis also challenges the ALJ's determination that her mental dysfunction did not meet a medical listing under the Act.  With respect to Ms. Davis's mental dysfunction, any claim of mental dysfunction under listing 12.05 requires that "the evidence [of mental retardation] demonstrates or supports onset of the impairment before age 22."  20 C.F.R.

Pt.404, Subpt. P, App.1 (12.05). A claimant has the burden of producing evidence of onset before the age of twenty-two. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

At her hearing before the ALJ, Ms. Davis did not offer any evidence of the onset of her borderline intellectual functioning before the age of twenty-two. Therefore, the ALJ's decision that her impairment did not meet or equal the listing is supported by substantial evidence. Id. (holding that the failure to demonstrate that mental retardation onset occurred before age 22 precluded a finding of impairment despite production of evidence of a significant mental impairment).

D.

Finally, Ms. Davis contends that the ALJ failed to make a comparison between the listings and a combination of all of her severe impairments. The regulations require that "[the ALJ] review the symptoms, signs, and laboratory findings about [a claimant's] impairments to determine whether the combination of [a claimant's] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The ALJ reviewed the medical evidence and Ms. Davis's testimony regarding her impairments and concluded that "[t]he medical evidence indicates that the claimant's impairments are not severe enough to meet or medically equal one of the impairments listed in Appendix 1." Therefore, the ALJ fulfilled his obligation to review Ms. Davis's impairments individually and in combination. Id.

Because the ALJ's decision that Ms. Davis was not disabled within the meaning of the Act is supported by substantial evidence, we AFFIRM.